**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**
**The Honorable Michael E. Romero**

In re:                                    )
                                          )        Bankruptcy Case No. 10-25453-MER
MARK STANLEY MILLER                       )
JAMILEH MILLER                            )        Chapter 13
        Debtors.                          )
                                          )
_____         )
                                          )
DEUTSCHE BANK NATIONAL TRUST              )
COMPANY                                   )
        Movant.                           )
                                          )
v.                                        )
                                          )
MARK STANLEY MILLER and                   )        ┌─────────────────────┐
JAMILEH MILLER,                           )        │   Signed/Docketed    │
        Respondents.                      )        │   July 18, 2012      │
                                                   └─────────────────────┘

**ORDER**

THIS MATTER comes before the Court on the following:

1.    *Motion for Protective Order With Respect to Interrogatories*
      ("Motion for Protective Order") (Docket No. 179) filed by Deutsche
      Bank National Trust Company, as Trustee of the Indymac INDX
      Mortgage Loan Trust 2006-AR-13, Mortgage Pass-Through
      Certificates, Series 2006-AR13 Under the Pooling and Servicing
      Agreement Dated May 1, 2006 ("Deutsche") on May 21, 2012;

2.    *Response to Motion for Protective Order With Motion to Compel*
      *and Motion to Strike* ("Response to Motion for Protective Order")
      (Docket No. 182) filed by Debtors Mark Stanley Miller and Jamileh
      Miller (collectively, the "Debtors") on June 4, 2012;

3.    *Motion to Compel Interrogatories and Production of Documents*
      *(F.R.C.P. 37 AND Federal Rules 7037 Federal Rules of Bankruptcy*
      *Procedure)* ("Motion to Compel") (Docket No. 183) filed by the
      Debtors on June 4, 2012; and

4.   *Response to Motion to Compel* (Docket No. 189) filed by Deutsche on June 18, 2012.[1]

The Court's consideration of the Motion for Protective Order, the Motion to Compel and the responses thereto, pertains solely to the authorized discovery in connection with the remand of the pending Motion for Relief from Automatic Stay.[2]

## JURISDICTION

The Court has jurisdiction over this matter under 28 U.S.C. §§ 1334 (a) and (b) and 157(a) and (b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(G), as it involves a motion to terminate, annul, or modify the automatic stay.

## BACKGROUND FACTS[3]

On June 22, 2010 ("Petition Date"), the Debtors filed for relief under Chapter 13 of the Bankruptcy Code.  On October 7, 2010, Deutsche filed a Motion for Relief from Automatic Stay[4] and the Debtors filed their Objections and Response thereto.[5] Following a preliminary hearing and based upon the findings on the record, on November 3, 2010, the Court entered its Order Granting Relief from Stay[6] permitting Deutsche to continue its foreclosure proceedings with respect to the Debtors' home. The Debtors appealed to the United States Bankruptcy Appellate Panel of the Tenth Circuit (the "BAP"), which affirmed this Court's order granting Deutsche relief from stay. The Debtors appealed the BAP's order to the United States Court of Appeals for the Tenth Circuit (the "Tenth Circuit").

---

[1] The Debtors also filed a *Motion to Strike Document Number #179 (Styled as "Motion for Protective Order With Respect to Discovery") Under Local Rule 7.1 and Rule 12(f) F.R.C.P.* (Docket No. 185), and Deutsche filed a *Response to Motion to Strike Motion for Protective Order* (Docket No. 190). The Court entered an Order denying the Motion to Strike (Docket No. 197) as a matter of law on June 27, 2012 .  Accordingly, it is unnecessary to address the Motion to Strike for a second time in this Order.

[2] The Court notes Deutsche filed a *Certificate of Contested Matter* (Docket No. 187) regarding its Motion for Protective Order and the Debtors' Response.  The Debtors filed a *Certificate of Contested Matter* (Docket No. 191) regarding their Motion to Compel.  Based on the findings herein, the Court determines a hearing is unnecessary.

[3] The factual background of this case is set forth in detail in the Opinion of the Tenth Circuit Court of Appeals, and is hereby incorporated by reference. *See* Docket No. 158.

[4] Docket No. 64.

[5] Docket No. 79.

[6] Docket No. 85.

On February 1, 2012, the Tenth Circuit entered its *Order Recalling Mandate and Remanding Case to the Bankruptcy Court*.[7]  On February 23, 2012, the BAP also issued an *Order Recalling Mandate and Remanding Case to Bankruptcy Court*.[8]

The Tenth Circuit found Deutsche did not meet its burden of proof in showing it was a party in interest entitled to seek relief from the stay.  Specifically, the Tenth Circuit found Deutsche had not demonstrated it held the original note creating the debt on the Debtors' real property, as required by COLO. REV. STAT. § 4-3-201(b). Therefore, the Tenth Circuit concluded and ordered as follows:

> For the foregoing reasons, the evidence is insufficient as it currently stands to establish that Deutsche Bank is a "party in interest" entitled to seek relief from stay. The bankruptcy court therefore abused its discretion by granting Deutsche Bank relief from stay.

> The Millers raise a number of other objections to the proceedings and orders in the bankruptcy court and the BAP but we need not reach any of them in light of the remand we now order. The judgment of the BAP is REVERSED and the case is REMANDED to the BAP with instructions to remand to the bankruptcy court **for further proceedings in accordance with this opinion**. The Millers' motion for leave to file a supplemental appendix is DENIED.[9]

Thereafter, the BAP issued the following Order to this Court:

> On November 12, 2010, Appellants Mark Miller and Jamileh Miller filed their Notice of Appeal to this Court from the Order on Motion for Relief From Stay, entered November 3, 2010, in which the bankruptcy court determined that Appellee Deutsche Bank National Trust Company could pursue foreclosure proceedings against Appellants' real property (the "Order"). On May 12, 2011, we affirmed the Order (the "BAP Opinion"), and our mandate was entered on May 27, 2011. On May 19, 2011, Appellants appealed from the BAP Opinion to the United States Court of Appeals for the Tenth Circuit (the "Tenth Circuit"). On February 1, 2012, the Court of Appeals reversed the BAP Opinion and remanded this appeal to us with instructions to remand to the bankruptcy court for further proceedings in accordance with the Opinion. The Court of Appeals' mandate, a certified copy of its Opinion, was issued on

---

[7] Docket No. 158.

[8] Docket No. 163.

[9] Docket No. 158, Tenth Circuit Court of Appeals' *Order Recalling Mandate and Remanding Case to the Bankruptcy Court*, pp. 18-19 (emphasis added).

February 23, 2012. Therefore, consistent with the Opinion of the Court of Appeals it is HEREBY ORDERED that:

> (1) The mandate issued by this Court to the bankruptcy court on May 27, 2011, is RECALLED.
> (2) This matter is hereby REMANDED to the bankruptcy court **for further proceedings in accordance with the Opinion**.
> (3) A copy of the Court of Appeals' Opinion is attached to this Order.[10]

Following the remand of the above-captioned case to this Court and in accordance with the Tenth Circuit's opinion and the BAP's opinion, the Court entered its Order and Notice of Evidentiary Hearing dated March 27, 2012, setting a renewed evidentiary hearing for May 2, 2012 on Deutsche's Motion for Relief from Automatic Stay and the Debtors' Objections and Response thereto.  The Court's Order and Notice of Evidentiary Hearing expressly stated:

> The evidence shall be reopened as to all issues relevant to the relief from stay matter, specifically including whether Deutsche Bank is "a 'party in interest' entitled to seek and obtain relief from the automatic stay." The hearing will not include issues or claims raised in *Mark and Jamileh Miller v. Deutsche Bank et al.*, adversary proceeding no. 10-01757-MER.[11]

On April 25, 2012, the Debtors filed their first *Motion for Continuance* of the evidentiary hearing pending completion of discovery and for lack of notice of the hearing.[12]  The Court entered an Order[13] dated April 27, 2012 extending certain deadlines and continuing the one-half day evidentiary hearing on the contested Motion for Relief from Automatic Stay.  The Order provides in pertinent part as follows:

> THE COURT ORDERS the hearing on Wednesday, May 2, 2012, is VACATED and rescheduled to **Tuesday, July 10, 2012, at 9:00 a.m.**

---

[10] Docket No. 163, BAP's *Order Recalling Mandate and Remanding Case to the Bankruptcy Court*, pp.1-2 (emphasis added).

[11] Docket No. 164 (quoting *Miller v. Deutsche Bank Nat'l Trust Co.* (*In re Miller*), 666 F.3d 1255, 1258 (10th Cir. 2012)). The same Order also provides "Deutsche Bank must address whether it is in possession of the original promissory note executed by the Debtors." *Id.* at n.2.

[12] Docket No. 169.  The Debtors also filed their *Objections to Unnoticed Hearing Set for May 2, 2012* (Docket No. 172) in connection with their motion to continue the hearing.

[13] Docket No. 173.

THE COURT FURTHER ORDERS the deadline for filing and exchanging of witness lists and exhibits is extended to **June 26, 2012.** The deadline to object to witnesses or exhibits is extended to **July 3, 2012.**

THE COURT FURTHER ORDERS the deadline to conduct discovery pursuant to the Federal Rules of Bankruptcy Procedure is **June 19, 2012.**

All other provisions of the Court's order dated March 27, 2012, remain in full force and effect unless otherwise amended by further order of the Court.[14]

On or about April 20, 2012, the Debtors propounded written discovery to Deutsche, requesting responses by May 20, 2012.[15]  The Court takes judicial notice that the deadline of May 20, 2012, provided for in the Debtors' discovery requests is a Sunday.  Pursuant to FED.R.BANKR.P. 9006(a)(1)(C), the deadline for Deutsche to respond to the discovery requests continued to run until the end of the next day, May 21, 2012.

On May 21, 2012, Deutsche timely delivered its responses to the Debtors' discovery requests.[16]  On May 21, 2012, Deutsche also timely filed the instant Motion for Protective Order[17] with respect to the Debtors' request for interrogatories.  Two days later, on May 23, 2012, the Court entered the Order Setting Date for Response to Motion for Protective Order.[18]  On June 4, 2012, the Debtors timely filed their Response to Motion for Protective Order,[19] along with their Motion to Compel.[20]  On June 18, 2012,

---

[14] *Id.* (emphasis in original).

[15] Docket No. 168.  The Debtors, although not required to file discovery requests with the Court, filed a copy of their fifty-two page *Notice to Produce Within 30 Days*, *Request for Interrogatories*, *Request for Production of Documents*, and *Request for Admissions* (Docket No. 168) on April 23, 2012.  The Court reviewed and considered the Debtors' interrogatories and requests for production of documents in conjunction with the instant discovery dispute between the parties.  The requests for admission are not at issue in this dispute.

[16] *See* Debtors' Motion to Compel (Docket No. 183), at p.2, ¶3.  A copy of Deutsche's *Response to Request for Production of Documents* (Docket No. 202) was filed with the Court on July 2, 2012.

[17] Docket No. 179.

[18] Docket No. 180.

[19] Docket No. 182.  The Court notes the Debtors, although not required to file their responses to written discovery with the Court, filed a copy of their *Response to Interrogatories, Request for Production of Documents and Request for Admissions to Mark Stanley Miller and Jamileh Miller* (Docket No. 188) on June 18, 2012.

[20] Docket No. 183.

Deutsche filed its Response to Motion to Compel.[21]  By Deutsche's timely filing the Motion for Protective Order, the deadline to respond to the interrogatories in question was stayed pending further order of the Court.[22]

Pursuant to the Court's Order of April 27, 2012, the Debtors and Deutsche timely filed their respective lists of witnesses and exhibits on June 26, 2012 (Docket Nos. 193 and 194), and the deadline for filing and exchanging witness lists and exhibits has expired.  Deutsche timely filed its Objection to Witness Listed in Debtors' Will Call Witness List (Docket No. 203), objecting to the Debtors' designation of Susan J. Hendrick, counsel for Deutsche, as a witness at the evidentiary hearing on the pending Motion for Relief from Automatic Stay.[23]  The Debtors did not file any objections to Deutsche's witnesses or exhibits.

On June 26, 2012, the Debtors filed their second *Motion for Ninety (90) Day Continuance of the Hearing Set for July 10, 2012 Based Upon Unresolved Discovery Disputes and for Medical Reasons Ordered By the Debtor's Medical Service Providers* (Docket No. 195), seeking another ninety-day continuance  of the evidentiary hearing on the pending Motion for Relief from Automatic Stay for the following reasons: 1) the need for resolution of Deutsche's Motion for Protective Order, the Debtors' Motion to Compel, and the responses thereto; and 2) Jamileh Miller underwent unexpected major surgery on June 20, 2012, with an anticipated recovery of six to eight weeks.  The Court entered an Amended Order and Notice of Continued Hearing (Docket No. 206), continuing the evidentiary hearing on the pending Motion for Relief from Stay to October 5, 2012.  The Court made it clear no further continuances of the evidentiary hearing will be considered or granted by the Court.[24]  All deadlines in connection with the evidentiary hearing have now expired, and the only remaining contested matter (other than holding the evidentiary hearing) is the instant dispute between the parties regarding the Debtors' Interrogatories[25] and requests for production of documents.

## DISCUSSION

Over two years have passed since the Debtors' Petition Date, June 22, 2010.  Since the Petition Date, the Debtors have enjoyed the benefit of continuously residing at the real property which is the subject of the contested Motion for Relief from Automatic

---

[21] Docket No. 189.

[22] *See* L.B.R. 7026-1(d).

[23] A separate order shall enter regarding the Debtor's designation of Susan J. Hendrick as a necessary witness and Deutsche's objection thereto.

[24] Docket No. 206.

[25] Docket No. 168.  The seven page portion of the Debtors' written discovery styled "Request for Interrogatories" shall hereinafter be referred to as "Interrogatories."

Stay.[26]  The evidentiary hearing rescheduled for October 5, 2012, provides a forum for the parties to submit evidence for consideration on whether Deutsche is entitled to relief from stay, with a focus on whether Deutsche has standing as a creditor of the Debtors' bankruptcy estate.  The Court may not rule on the issue of standing until the Court holds the evidentiary hearing.  After resolving the instant discovery dispute, the inevitable day will come where this Court will hold the hearing on the merits of the pending Motion for Relief from Automatic Stay in accordance with the directives of the Tenth Circuit and BAP opinions.

The long-standing acrimonious relationship between the Debtors and Deutsche is well documented by the pleadings filed in this case.  The instant discovery dispute serves as the most recent display of discord between the parties, and comes before the Court *vis-a-vis* 1) Deutsche's Motion for Protective Order, 2) the Debtors' Response to the Motion for Protective Order, 3) the Debtors' Motion to Compel, and 4) Deutsche's Response to the Motion to Compel.  The Court hopes to shift the focus of the parties to the merits of the contested Motion for Relief from Automatic Stay.

## A.    Controlling Authority

Pursuant to FED. R. BANKR. P. 9014(c), the Court expressly authorized the parties to conduct discovery in connection with the contested Motion for Relief from Automatic Stay.[27]  Discovery in a federal court is governed by the Federal Rules of Civil Procedure,[28] which are made applicable to this contested matter by FED. R. BANKR. P. 7026 and 9014(c).[29]  "Discovery procedures set forth in the Federal Rules of Civil Procedure seek to further the interests of justice by minimizing surprise at trial and ensuring wide-ranging discovery of information."[30]

Pursuant to FED. R. CIV. P. 26(b)(1), the scope of allowed discovery is "any nonprivileged matter that is relevant to any party's claim or defense[.] . . . Relevant information need not be admissible at the trial if the discovery appears reasonably

---

[26] Based on the Court's review of the pleadings filed in this case, it appears the Debtors have not made a single payment post-petition payment to Deutsche in connection with their home.  The Debtors have proposed six Chapter 13 plans in their case.  Each proposed plan has drawn objections and none have been confirmed.  The confirmation issues have been stayed pending final resolution of the pending Motion for Relief from Automatic Stay.

[27] Docket No. 173.

[28] *See Scholl v. Pateder*, 2011 WL 3704802, at *2 (D. Colo. August 23, 2011) (slip copy) (citing *Everitt v. Brezzel*, 750 F.Supp. 1063, 1065 (D. Colo. 1990)).

[29] *See also* L.B.R. 7026-1 and 7026-2.

[30] *Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc.*, 244 F.R.D. 614, 619 (D. Colo. 2007).

calculated to lead to the discovery of admissible evidence."[31]  Here, the scope of discovery is tied to the Motion for Relief from Stay and the Debtors' objection thereto, and any written discovery requests must seek information relevant to those pleadings.

> Relevance in discovery is broadly construed, and a request for discovery should be allowed if there is any possibility that the information sought may be relevant to the claim or defense of any party. A request for discovery is irrelevant only where it is clear that the information sought can have no possible bearing on the claim or defense of a party.[32]

"The Federal Rules of Civil Procedure recognize, however, that the right to conduct discovery is not absolute."[33]  In every case, the court has the discretion in the interests of justice to prevent excessive or burdensome discovery.[34]  Moreover, FED. R. CIV. P. 26(b)(2)(C) requires the Court to limit the frequency or extent of discovery, whether by motion or on its own, if the Court determines:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.[35]

---

[31] FED. R. CIV. P. 26(b)(1).

[32] *McCall v. Skyland Grain, LLC*, 2009 WL 1203304 (D. Colo. Apr. 29, 2009) (citing *Johnson v. Kraft Foods North America, Inc.*, 238 F.R.D. 648, 653 (D. Kan. 2006)).  As further support, "[t]his is a deliberately broad standard which is meant to allow the parties to discover the information necessary to prove or disprove their cases." *Scholl v. Pateder, supra*, at *1 (citing *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir.1995); *Simpson v. Univ. of Colo.*, 220 F.R.D. 354, 356 (D. Colo. 2004); *Cardenas v. Dorel Juvenile Group, Inc.*, 232 F.R.D. 377, 382 (D. Kan. 2005)).

[33] *Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc.*, 244 F.R.D. 614, 619-20 (D. Colo. 2007) (citing FED. R. CIV. P. 26(b)(2)(C)).

[34] FED. R. CIV. P. 26(b)(2)(C); *see also Qwest Communications International, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003).

[35] FED. R. CIV. P. 26(b)(2)(C). *See also Cartel Asset Mgmt. v. Ocwen Fin. Corp.*, 2010 WL 502721, at *9 (D. Colo. Feb. 8, 2010) (unpublished); *Intervet, Inc. v. Merial Ltd.*, 252 F.R.D. 47, 49 (D.D.C. 2008); *Qwest Communications*, 213 F.R.D. at 419.

In addition, L.B.R. 7026-2 applies to all contested matters under FED. R. BANKR. P. 7001 and 9014 unless modified by order of the Court, and the rule applies to this discovery dispute.[36]  In terms of the procedure for interrogatories, L.B.R. 7026-2(c) specifically provides "[t]he number of interrogatories to any one party must not exceed thirty (30), each of which shall consist of a single question."[37]  The Federal Rules of Bankruptcy Procedure govern the procedures and manner of taking discovery in all other respects.[38]

Furthermore, Rule 26(g) serves to restrain excess discovery by imposing obligations on counsel "or the party personally, if unrepresented" serving and responding to discovery requests to certify by signing the pleading "to the best of [their] knowledge, information and belief formed after a reasonable inquiry" the discovery request, response, or objection is consistent with the Federal Rules of Civil Procedure and existing law, is not interposed for an improper purpose, and is neither unreasonable nor unduly burdensome.[39]  As the United States District Court for the District of Colorado explained:

> Discovery requests must be given a reasonable construction, and a responding party is not permitted to conjure up ambiguity where there is none. *King-Hardy v. Bloomfield Board of Education*, 2002 WL 32506294, *5 (D. Conn. 2002).  Objections to discovery must be made with specificity, and the responding party has the obligation to explain and support its objections. *See, e.g., Ayers v. Continental Casualty Co.*, 240 F.R.D. 216, 221 (N.D. W.Va. 2007); *Nagele v. Electronic Data Systems Corp.*, 193 F.R.D. 94, 109 (W.D.N.Y. 2000).  "[A]n objection to requested discovery may not be made until a lawyer has 'paused and consider[ed]' whether based on a 'reasonable inquiry,' there is a 'factual basis [for the] . . . objection." *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 358 (D. Md. 2008).  Most importantly, Rules 33 and 34 require a party to answer to the extent a discovery request is not objectionable.  *See, e.g, Doe v. National Hemophilia Foundation*, 194 F.R.D. 516, 520 (D. Md. 2000).[40]

A party "does not satisfy their obligations under Rule 26(g) by robotically recycling discovery requests propounded in earlier actions.  Indeed, that approach to discovery

---

[36] L.B.R. 7026-2(a).  The Court did not modify L.B.R. 7026-2 in this proceeding.

[37] L.B.R. 7026-2(c).

[38] L.B.R. 7026-2(d).

[39] *See* FED. R. CIV. P. 26(g)(1)(B).

[40] *Cartel Asset Mgmt. v. Ocwen Fin. Corp.*, 2010 WL 502721, at *10 (D. Colo. Feb. 8, 2010) (unpublished).

would be antithetical to the 'stop and think' mandate underlying Rule 26(g)."[41]  "If a certification violates this rule without substantial justification, the court, on motion or on its own, *must* impose an appropriate sanction."[42]

With respect to motions for protective orders, Fed. R. Civ. P. 26(c)(1) provides as follows:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending[.] . . . The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .[43]

The burden of proof is on the party seeking a protective order to show the necessity of the issuance of a protective order.[44]  The "good cause" element under Fed. R. Civ. P. 26(c) requires a "particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements. . . . The movant must provide specific examples of harm that will be suffered because of the disclosure of the information. Broad allegations are insufficient. . . . Good cause requires a showing that the disclosure will work a clearly defined and serious injury."[45]

With respect to motions to compel, under Fed. R. Civ. P. 37, made applicable to this proceeding by Fed. R. Bankr. P. 7037 and 9014(c), a party may move to compel disclosure or discovery.[46]  "The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make

---

[41] *Bottoms v. Liberty Life Assur. Co. of Boston*, 2011 WL 6181423, at *5 (D. Colo. Dec. 13, 2011) (slip copy).

[42] Fed. R. Civ. P. 26(g)(3) (emphasis added).

[43] Fed. R. Civ. P. 26(c)(1).  Subsection (A) through (H) of this rule further provide a non-exhaustive list of examples where a protective order is appropriate.

[44] *Jackson v. United States*, 153 F.R.D. 646, 648 (D. Colo. 1993) (citing *General Dynamics Corp. v. Selb Manufacturing Co.*, 481 F.2d 1204, 1212 (8th Cir.1973), *cert. denied*, 414 U.S. 1162, 94 S.Ct. 926, 39 L.Ed.2d 116 (1974); *American Benefit Life Ins. Co. v. Ille*, 87 F.R.D. 540, 543 (W.D. Okla. 1978); 8 Wright & Miller, Federal Practice and Procedure § 2035 at 264 (1970)).

[45] *Id.* (internal citations omitted).

[46] Fed. R. Civ. P. 37(a)(1).

disclosure or discovery in an effort to obtain it without court action."[47]  When a party seeks to compel a discovery response, the motion may be made if:

> (iii) a party fails to answer an interrogatory submitted under Rule 33; or

> (iv) a party fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34.[48]

For the purposes of FED. R. CIV. P. 37(a), "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."[49]

L.B.R. 7026-1, which supplements FED. R. CIV. P. 7026 through 7037, requires motions to compel and motions for protective orders directed to interrogatories or requests for documents "must set forth the interrogatory, request and response constituting the subject matter of the motion. The filing of a motion for protective order stays the discovery in question pending further order of the court."[50]  In the instant matter, Deutsche's responses to the Debtors' Interrogatories have been stayed pending this opinion by operation of L.B.R. 7026-1.

## B.  Scope of Discovery With Respect to Pending Contested Motion for Relief From Automatic Stay

As this Court previously explained in its Order dated May 4, 2012 denying the Debtors' Motion to Dismiss Hearing Under Rule 12(b)(6):

> This Court must comply strictly with the mandate rendered by a reviewing court, in this case, the Tenth Circuit and the BAP in its order complying with the Tenth Circuit's mandate.  *Briggs v. Pennsylvania R. Co.*, 334 U.S. 304, 306 (1948); *Ute Indian Tribe of the Uintah and Ouray Reservation v. State of Utah*, 114 F.3d 1513, 1520-1521 (10th Cir. 1997); *Georgacarakos v. United States*, 211 Fed.Appx. 730, 732 (10th Cir. January 3, 2007).  **Accordingly, this Court must conduct further proceedings in accordance with the Opinion of the Tenth Circuit, as directed by the BAP.**  As noted above, the Tenth Circuit observed the evidence presented by Deutsche Bank is "insufficient as it currently stands."  Therefore, in compliance with the Tenth Circuit's instructions, **this Court has set a new hearing to determine what, if any, additional evidence needs to be or can be produced by Deutsche**

---

[47] *Id.*

[48] FED. R. CIV. P. 37(a)(3)(B).

[49] FED. R. CIV. P. 37(a)(4).

[50] L.B.R. 7026-1(d).

**Bank, and, if appropriate, by the Millers, to facilitate the correct resolution of the Motion for Relief from Automatic Stay.**  In addition, the Court is mindful of the Tenth Circuit's preference for determining matters on their merits. *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970) ("The preferred disposition of any case is upon its merits . . . ."); *see also Gatrell v. City and County of Denver*, 2012 WL 219434, *1 (D. Colo. January 23, 2012) (noting the judicial system's strong preference for resolving cases on their merits).[51]

**To be clear, the Tenth Circuit did not issue a final decision on the merits of the standing issue.  Rather, the Tenth Circuit's opinion remanded the issue to this Court for an evidentiary hearing to determine whether Deutsche can demonstrate standing, and ultimately establish whether relief from stay is appropriate.**

The evidentiary hearing on the Motion for Relief from Automatic Stay "constitutes a summary proceeding wherein the only question is whether the party seeking relief has a colorable claim to property of the estate; it is not a proceeding where a bankruptcy court determines substantive rights."[52]  With respect to obtaining relief from the automatic stay, 11 U.S.C. § 362(d)[53] provides in pertinent part as follows:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay–
>
> > (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
> >
> > (2) with respect to a stay of an act against property under subsection (a) of this section, if–
> >
> > > (A) the debtor does not have an equity in such property; and
> > > (B) such property is not necessary to an effective reorganization;

The Court authorized the parties to conduct discovery to provide the parties an opportunity "to narrow and clarify the basic issues between the parties, and [to ascertain] the facts, or information as to the existence or whereabouts of facts, relative

---

[51] Docket No. 176, at p.3 (emphasis added).

[52] Docket No. 176, at p.3-4 (citing *Grella v. Salem Five Cent Sav. Bank*, 42 F.3d 26, 33 (1st Cir.1994). *See also In re Roberts*, 367 B.R. 677, 686 (Bankr. D. Colo. 2007) (citing *Grella*).

[53] Unless otherwise noted, all future statutory references in the text are to Title 11 of the United States Code.

to those issues."[54]  Thus, it should come as no surprise to the parties that discovery is limited to information "relevant to any party's claim or defense"[55] with respect to the contested Motion for Relief from Automatic Stay.  The information requested through written discovery must appear "reasonably calculated to lead to the discovery of admissible evidence"[56] in connection with the evidentiary hearing.  In other words, the Debtors' Interrogatories and requests for production of documents at issue must be relevant to the parties' claims and defenses under § 362.

At the evidentiary hearing, Deutsche as the party seeking relief from stay has the burden of proof on the Debtors' equity in the real property at issue, and the Debtors opposing such relief have the burden of proof on all other issues.[57]  The elements of § 362 define the scope of discovery in connection with relief from stay.  Any information sought through discovery having no bearing on a party's claim or defense under § 362 is irrelevant  to any determination on the pending Motion for Relief from Automatic Stay, and is outside the permitted scope of discovery.

## C.   Deutsche's Motion for Protective Order and Debtors' Response to Motion for Protective Order

The Court is familiar with the factual backgrounds provided by the parties in their respective pleadings.  At this time, the Court need only address through this Order the arguments presented in the Motion for Protective Order and Response to Motion for Protective Order to resolve the discovery dispute between the parties.  The Court shall not make any determinations on the merits of the pending relief from stay issues.  Those issues will be heard and determined at the evidentiary hearing.

### 1.   Motion for Protective Order

Deutsche's Motion for Protective Order was filed pursuant to FED.R.BANKR.P. 7026(c), seeking a protective order with respect to all Interrogatories propounded by the Debtors.  In summary, Deutsche asserts essentially five grounds in support of the Motion for Protective Order: 1) the Debtors exceed the allowed number of interrogatories; 2) certain interrogatories seek information not relevant to the contested Motion for Relief from Automatic Stay; 3) certain interrogatories seek duplicative information or information already produced to the Debtors; 4) certain interrogatories are abusive; and 5) certain interrogatories seek information outside the personal

---

[54] *Hickman v. Taylor*, 329 U.S. 495, 501 (1947).

[55] FED. R. CIV. P. 26(b)(1).

[56] *Id.*

[57] *See* 11 U.S.C. § 362(g)(1) and (2).

knowledge of Deutsche.[58]  The arguments overlap depending on the interrogatory in dispute.  Accordingly, the Court will address each interrogatory separately.

The Motion for Protective Order was signed by counsel for Deutsche, but fails to certify Deutsche conferred or even attempted to confer with the Debtors in an attempt to resolve these issues without Court intervention.  The failure to confer as required under FED. R. CIV. P. 26(c)(1) and FED. R. BANKR. P. 7026 could independently provide grounds to deny the Motion for Protective Order.  However, the Court finds compliance with the "meet and confer" requirement would be a futile effort with respect to these particular parties.  Unfortunately, in light of the contentious history between these parties, the Court determines court intervention is necessary regarding this discovery dispute to avoid any delay and to further the interests of justice.  Therefore, the Court shall address the merits of the Motion for Protective Order.

As a threshold matter, L.B.R. 7026-2(c) provides "[t]he number of interrogatories to any one party must not exceed thirty (30), each of which shall consist of a single question."[59]  Deutsche objected to the Debtors' Interrogatories to the extent the debtors exceeded the allowed thirty question limit.  Upon review of the Interrogatories, the Court agrees with Deutsche and finds the Debtors' Interrogatories numbered 1 through 13 consist of thirty-two separate questions.  The Court further finds the Debtors' Interrogatories numbered 14 through 21 consist of an additional twelve separate questions.  Thus, the Debtors propounded a total of forty-four questions to Deutsche, and have exceeded the thirty question limit under L.B.R. 7026-2(c) and FED. R. CIV. P. 26(b)(2)(A).  However, based on the Court's findings herein, after striking certain questions in whole or in part, the remaining interrogatories for which a response is necessary numbers only thirteen.  As a result, the "number" challenge is moot.

      a.    Interrogatory No. 1[60]

Interrogatory No. 1 states in its entirety:

Please identify all persons who assisted or participated in answering these interrogatories, and with respect to this interrogatory, please state whether or not any of those persons are employees, or agents of respondent Deutsche Bank National Trust Company.

The Court agrees with Deutsche and finds Interrogatory No. 1 is a compound question consisting of two separate questions.  No other objection was raised with respect to the information sought in this interrogatory.  The Court finds the Debtors are

---

[58] *See* Docket No. 179, at p. 11-25.

[59] L.B.R. 7026-2(c); *see also* Fed. R. Civ. P. 26(b)(2)(A).

[60] Request for Interrogatories, Docket No. 168, at p. 3 of 7; Docket No. 179, at p. 12.

entitled to seek the identity of the person(s) responding to their requests for interrogatories and whether each person is an employee or agent of Deutsche. Accordingly, the Court will require Deutsche to respond to both questions as drafted in Interrogatory No. 1, to the extent Deutsche has any knowledge of the information requested.

        b.        Interrogatory No. 2[61]

Interrogatory No. 2 states in its entirety:

> Please identify the source of the purported original promissory note that you claim to have in your possession or in the possession of your attorneys, and with respect to this inquiry please identify the persons, company, from which this note was transferred to your attorneys, and whether or not you alleged this promissory note is the true, correct, unmodified original promissory note.

The Court agrees with Deutsche and finds Interrogatory No. 2 is a compound question consisting of three separate questions.  No other objection was raised with respect to the information sought in this interrogatory.  However, pursuant to FED. R. CIV. P. 26(b)(2)(C)(i), the Court finds the information sought from the third question set forth in Interrogatory No. 2 can be obtained by the Debtors from the pleadings filed in this case (all of which are public record and have been served on the Debtors) which is more convenient, less burdensome and less expensive than requiring Deutsche to do the same.  Pursuant to FED. R. CIV. P. 26(c)(1), to prevent undue burden and expense, the Court determines good cause exists for a protective order, and the Court will strike the third internal question in its entirety, asking "whether or not you alleged this promissory note is the true, correct, unmodified original deed of trust."

The Court finds the Debtors are entitled to seek the identity of the source of the "purported original promissory note," and the identity of the entity from which the note was transferred to Deutsche's counsel.  Accordingly, the Court will limit this interrogatory and require Deutsche to respond only to the first and second questions as drafted in Interrogatory No. 2, to the extent Deutsche has any knowledge of the information requested.

        c.        <u>Interrogatory No. 3[62]</u>

Interrogatory No. 3 states in its entirety:

---

[61] Request for Interrogatories, Docket No. 168, at p. 3 of 7; Docket No. 179, at p. 12.

[62] Request for Interrogatories, Docket No. 168, at p. 3 of 7; Docket No. 179, at p. 12.

Please identify the source of the purported Deed of Trust that you claim to have in your possession or in the possession of your attorneys, and with respect to this inquiry please identify the persons, company, from which this note was transferred to your attorneys, and whether or not you alleged this promissory note is the true, correct, unmodified original deed of trust.

The Court agrees with Deutsche and finds Interrogatory No. 3 is a compound question consisting of three separate questions.  No other objection was raised with respect to the information sought in this interrogatory.  However, the second and third questions set forth in Interrogatory No. 3 are identical to the second and third questions set forth in Interrogatory No. 2.  Pursuant to FED. R. CIV. P. 26(b)(2)(C)(i), the Court finds these questions are duplicative.  In addition, the information sought in question three can be obtained by the Debtors from the pleadings filed in this case (all of which are public record and have been served on the Debtors) which is more convenient, less burdensome and less expensive than requiring Deutsche to do the same.

Pursuant to FED. R. CIV. P. 26(c)(1), the Court determines good cause exists for a protective order, and the Court will strike the second and third questions in their entirety, asking "with respect to this inquiry please identify the persons, company, from which this note was transferred to your attorneys, and whether or not you alleged this promissory note is the true, correct, unmodified original deed of trust."

The Court finds the Debtors are entitled to seek the identity of the source of the "purported Deed of Trust."  Accordingly, the Court will limit this interrogatory and require Deutsche to respond to only the first question as drafted in Interrogatory No. 3, to the extent Deutsche has any knowledge of the information requested.

d.    Interrogatory No. 4[63]

Interrogatory No. 4 states in its entirety:

Please indicate the exact date that the alleged promissory note was assigned to Deutsche Bank National Trust Company, and whether or not any such assignment was properly recorded in the Colorado Property Real Property records in accordance with Colorado State law.

The Court agrees with Deutsche and finds Interrogatory No. 4 is a compound question consisting of two separate questions.  No other objection was raised with respect to the information sought in this interrogatory.  The Court finds the Debtors are entitled to seek the requested information, and the Court will require Deutsche to respond to both questions as drafted in Interrogatory No. 4, to the extent Deutsche has any knowledge of the information requested.

---

[63] Request for Interrogatories, Docket No. 168, at p. 3 of 7; Docket No. 179, at p. 13, 24.

e.    Interrogatory No. 5[64]

Interrogatory No. 5 states in its entirety:

Please indicate the exact date that the alleged promissory note was assigned to Deutsche Bank National Trust Company Trust, or any trust, and whether or not any such assignment was properly recorded with the Security and Exchange Commissioner.

The Court agrees with Deutsche and finds Interrogatory No. 5 is a compound question consisting of three separate questions.  Deutsche objected to the first question as duplicative of the first question asked in Interrogatory No. 4.  The Court sustains this objection.  Pursuant to FED. R. CIV. P. 26(b)(2)(C)(i), the Court finds the first question set forth in Interrogatory No. 5 and the first question set forth in Interrogatory No. 4 are the same.  The Court shall strike the first question.

Deutsche objected to the second question seeking the exact date the promissory note was assigned to "any trust" because the question "calls for information which may be outside the scope of Deutsche's personal knowledge."  The Court overrules this objection, and will require Deutsche to respond to the extent Deutsche has any knowledge of the information requested.

Deutsche also objected to the third question, seeking recording information with the Security and Exchange Commissioner, as improper.  The Court is unaware of any requirement to record an assignment of a promissory note with the Security and Exchange Commissioner, and the Debtors have not provided any authority to the contrary.  The Court finds the information sought in this question can have no possible bearing on any claim or defense with respect to the Motion for Relief from Automatic Stay.  The third question is irrelevant and improper, and outside the scope of authorized discovery pursuant to FED. R. CIV. P. 26(b)(1).

Pursuant to FED. R. CIV. P. 26(c)(1), the Court determines good cause exists for a protective order, and the Court will strike the first and third questions in their entirety asking for "the exact date that the alleged promissory note was assigned to Deutsche Bank National Trust Company Trust," and "whether or not any such assignment was properly recorded with the Security and Exchange Commissioner."

The Court finds the Debtors are entitled to seek information regarding the exact date the promissory note was assigned to "any trust."  Accordingly, the Court will limit this interrogatory and require Deutsche to respond only to the second question as drafted in Interrogatory No. 5, to the extent Deutsche has any knowledge of the information requested.

---

[64] Request for Interrogatories, Docket No. 168, at p. 3 of 7; Docket No. 179, at p. 13, 24.

f.     Interrogatory No. 6[65]

Interrogatory No. 6 states in its entirety:

Please indicate each and every reason for your legal basis or authority for litigating property held in a trust, which is claimed to be owned the multiple owners, or investors, and with respect to this inquiry please identify the person(s) or entitites [sic] which gave you such authority and those persons [sic] basis for such authority.

The Court agrees with Deutsche and finds Interrogatory No. 6 is a compound question consisting of four separate questions. Deutsche objected to the first and second questions as vague because the questions seek the legal basis and the basis for authority "for litigating property held in a trust." The Court overrules these objections as vague. However, the Court finds the information sought in these questions can have no possible bearing on any claim or defense with respect to the Motion for Relief from Automatic Stay because there is no evidence the real property at issue is held in trust. Accordingly, the Court finds the first and second questions are irrelevant and improper, and outside the scope of authorized discovery pursuant to FED. R. CIV. P. 26(b)(1).

Further, the third and fourth questions are dependent on responses to the first and second questions which the Court has deemed irrelevant to pending relief from stay issues. As such, these questions are also irrelevant and outside the scope of authorized discovery.

Based on the foregoing and pursuant to FED. R. CIV. P. 26(c)(1), the Court determines good cause exists for a protective order, and the Court will strike this interrogatory in its entirety, including all four questions, and Deutsche is not required to respond to Interrogatory No. 6.

g.     Interrogatory No. 7[66]

Interrogatory No. 7 states in its entirety:

Please indicate each and every reason for your legal basis or authority for unauthorized debt collectors, namely Aronowitz & Mecklenburg, LLP, to be litigating issues in a bankruptcy court relative to this promissory note, and with respect to this inquiry, please specify your basis for any such authorization in violation of 15 U.S.C 169(i) $811(b) [sic] which prohibit debt collectors from brining [sic] legal actions in a court of competent jurisdiction.

---

[65] Request for Interrogatories, Docket No. 168, at p. 3 of 7; Docket No. 179, at p. 13-14, 16-20.

[66] Request for Interrogatories, Docket No. 168, at p. 3 of 7; Docket No. 179, at p. 14, 21-24.

The Court agrees with Deutsche and finds Interrogatory No. 7 is a compound question consisting of three separate questions.  Deutsche objected to the these questions on the grounds this entire interrogatory is not relevant to the pending issues regarding the Motion for Relief from Automatic Stay.  The Court agrees with Deutsche's arguments and legal authority as set forth in the Motion for Protective Order, and sustains this objection.

Moreover, the Debtors previously filed a Motion to Disqualify Attorney Susan Hendrick, seeking an order disqualifying counsel for Deutsche from appearing in this matter for the following reasons: 1) Ms. Hendrick and her firm are parties in the Adversary Proceeding, and are expected to testify as witnesses in that proceeding and/or in the bankruptcy proceeding with regard to the Motion for Relief from Automatic Stay; and 2) counsel for Deutsche are "debt collectors" under the Fair Debt Collections Practices act and are not permitted to pursue a motion for relief from stay, under 15 U.S.C. § 1691.[67]  The Court denied the Debtors' Motion to Disqualify as premature, and made specific findings the FDCPA does not prevent counsel for Deutsche from filing a motion for relief from the automatic stay.[68]

With respect to whether Interrogatory No. 7 is relevant to the evidentiary hearing on the Motion for Relief from Stay, the Court stated it "will allow the Millers to depose [Susan] Hendrick or such other members of the Firm as are shown to be necessary."[69] The Court ordered the Motion to Disqualify "may be refiled *following a deposition* of [Susan] Hendrick and/or the Firm, with the caveat that any renewed Motion must be filed prior to fourteen days before the rescheduled hearing."[70]  The Debtors have neither requested a deposition nor demonstrated in any pleading filed with the Court with respect to the Motion for Relief from Automatic Stay that the deposition of Ms. Hendrick or her firm is necessary.  The Debtors never deposed Ms. Hendrick during the permitted discovery period, and the deadline to conduct discovery has now concluded.[71]  Thus, not having conducted the prerequisite deposition, the Debtors are now barred from filing a renewed Motion to Disqualify, and any interrogatories related to this issue are improper and not relevant to the Motion for Relief from Automatic Stay.  Accordingly, under FED. R. CIV. P. 26(c)(1)(D), the Court shall forbid any inquiry on this issue through discovery.

---

[67]  *See* Docket No. 170.

[68]  *See* Order, Docket No. 175, at p. 4-5.

[69]  *Id.* at p. 4.

[70]  *Id.* at  p. 5-6 (emphasis added).

[71]  *See* Amended Order and Notice of Continued Evidentiary Hearing, Docket No. 206, stating "The deadline for conducting discovery has expired. With the exception of addressing the pending Motion for Protective Order and Motion to Compel, the Court shall not permit the parties to engage in any further discovery. The Court shall not extend this deadline or allow any additional discovery in this matter."

Based on the foregoing and pursuant to FED. R. CIV. P. 26(c)(1), the Court determines good cause exists for a protective order, and the Court will strike this interrogatory in its entirety, including all three questions, and Deutsche is not required to respond to Interrogatory No. 7.

        h.    <u>Interrogatory No. 8</u>[72]

Interrogatory No. 8 states in its entirety:

> Please state each and every reason that a copy of the alleged promissory note was not provided or exchanged with the debtors Mark Stanley Miller or Jamileh Miller as required [sic] in the ORDER AND NOTICE OF EVIDENCIARY [sic] HEARING set for May 2, 2012.

The Debtors' interpretation of the Court's Order is belied by the facts. The Court entered an Order and Notice of Hearing dated March 27, 2012, setting the evidentiary hearing for May 2, 2012. Contrary to the Debtors' interrogatory, **nowhere** in the Order did the Court require Deutsche to provide or exchange a copy of the alleged promissory note with the Debtors.[73] For this reason alone, the Court finds this interrogatory is abusive and wholly improper, and good cause exists to strike this interrogatory in its entirety.

In addition, the Court agrees with Deutsche and finds Interrogatory No. 8 consists of a single question. Further, Deutsche objected to this interrogatory on the grounds a copy of the promissory note was already produced to the Debtors multiple times. As Deutsche stated in its Motion for Protective Order:

> Indeed, copies of the Note and Deed of Trust were provided to the Millers as an attachment to Deutsche's Motion for Relief from Automatic Stay filed *two years ago*, in 2010. A copy of the Note and Deed of Trust were also provided to the Millers when Deutsche filed its witness and exhibit lists along with the attachments for the preliminary relief from stay hearing in 2010. Undersigned counsel *again* provided a copy of the Note and a copy of the Deed of Trust to Jamileh Miller in court on the record at the preliminary relief from stay hearing in 2010.[74]

---

[72] Request for Interrogatories, Docket No. 168, at p. 4 of 7; Docket No. 179, at p. 14, 20-21, 24.

[73] *See* Docket No. 164. The Court required the parties to exchange witness lists and exhibits, and in a footnote, stated at the evidentiary hearing "Deutsche Bank must address whether it is in possession of the original promissory note executed by the Debtors."

[74] Docket No. 179, at p. 20.

The Court's review of the record in this case confirms Deutsche's position that a copy of the promissory note has been already provided to the Debtors at least three times previously in the Debtors' bankruptcy case.[75]  The Court finds this interrogatory seeks information already provided to the Debtors and the repetitive requests for a copy of the promissory note comprise an annoyance requiring a protective order.

Based on the foregoing and pursuant to FED. R. CIV. P. 26(c)(1), the Court determines good cause exists for a protective order, and the Court will strike this interrogatory in its entirety, and Deutsche is not required to respond to Interrogatory No. 8.

I.   Interrogatory No. 9[76]

Interrogatory No. 9 states in its entirety:

With respect to MERS being the beneficiary of the purported promissory note, please indicate each and every reason you assert that such note was ultimately transferred to Deutsche Bank National Trust company by any assignee originaing [sic] from MERS, which is a company who has no legal standing to hold or convey any real property.

The Court agrees with Deutsche and finds Interrogatory No. 9 consists of a single question.  No objections were raised with respect to the information sought in this interrogatory.  However, pursuant to FED. R. CIV. P. 26(c)(1), the Court will strike the following phrases as inappropriate: "With respect to MERS being the beneficiary of the purported promissory note," and "which is a company who has no legal standing to hold of convey any real property."  The Court determines good cause exists for a protective order, and the Court hereby strikes this language.

The Court finds the Debtors are entitled to seek information regarding the transfer of the promissory note to Deutsche.  Accordingly, the Court will limit this interrogatory as set forth above, and require Deutsche to respond to the remainder of Interrogatory No. 9, to the extent Deutsche has any knowledge of the information requested.

---

[75] Deutsche's Motion for Protective Order further alleges"[c]opies of the Note and Deed of Trust were attached to the motion to dismiss in the adversary action, to the motion to dismiss in the separate state court action, and in the various appeals before the BAP, Tenth Circuit Court of Appeals and the Colorado Court of Appeals."   Docket No. 179, at p. 20.  However, the Court only needs to limit consideration of the record in the Debtor's main bankruptcy case to determine a copy of the promissory note was already produced to the Debtors.

[76] Request for Interrogatories, Docket No. 168, at p. 4 of 7; Docket No. 179, at p. 14.

      j.     <u>Interrogatory No. 10</u>[77]

Interrogatory No. 10 states in its entirety:

> Attached as Exhbit 1 [sic] is the Clerk's Official recording for the subject property located at 19733 E. UNION DR. CENTENNIAL, CO. 80015 and identified as: "Fox Hill Subdivision 4th Filing, Lot 7 Block 4," from 1/1/1902 to present which is 3/13/2012 at 7:34 Pm MDT, please explain the reason Deutsche Bank National Trust Company does not appear in this listing or within the official records of the Clerk's Office.

The Court agrees with Deutsche and finds Interrogatory No. 10 consists of a single question. No objections were raised with respect to the information sought in this interrogatory. Therefore, the Court will require Deutsche to respond to Interrogatory No. 10 as drafted, to the extent Deutsche has any knowledge of the information requested.

      k.     <u>Interrogatory No. 11</u>[78]

Interrogatory No. 11 states in its entirety:

> Please indicate each and every reason your legal basis for relitigating issues which have already been litigated in the U.S. Bankruptcy Court regarding issues of the standing and the alleged promissory note, and with respect to this inquiry please specify your basis for relitigating issues already resolved in past hearings.

The Court agrees with Deutsche and finds Interrogatory No. 11 is a compound question consisting of three separate questions. Deutsche also objected to the third question regarding past hearings as vague. Pursuant to FED. R. CIV. P. 26(c)(1), the Court finds this entire interrogatory seeks information not relevant to the pending issues regarding the Motion for Relief from Automatic Stay. As highlighted in this opinion, *supra*, this Court shall hold an evidentiary hearing to determine whether Deutsche has standing within the context of the Motion for Relief from Automatic Stay. This issue is not being "relitigated" as alleged by the Debtors. Accordingly, under FED. R. CIV. P. 26(c)(1), the Court finds this entire interrogatory is irrelevant, improper, and outside the scope of authorized discovery pursuant to FED. R. CIV. P. 26(b)(1).

Based on the foregoing and pursuant to FED. R. CIV. P. 26(c)(1), the Court determines good cause exists for a protective order, and the Court will strike this

---

[77] Request for Interrogatories, Docket No. 168, at p. 4 of 7; Docket No. 179, at p. 14.

[78] Request for Interrogatories, Docket No. 168, at p. 4 of 7; Docket No. 179, at p. 15-20.

interrogatory in its entirety, including all three questions, and Deutsche is not required to respond to Interrogatory No. 11.

        l.        <u>Interrogatory No. 12</u>[79]

Interrogatory No. 12 states in its entirety:

> Please identify each and every witness you plan to call at the May 2, 2012 hearing for Relief on Motion to Lift the stay, and with respect to this inquiry please indicate that witness name, address, and telephone number as required by the Court's ORDER FOR EVIDENCIARY [sic] HEARING dated March 27, 2012.

The Court agrees with Deutsche and finds Interrogatory No. 12 is a compound question consisting of three separate questions.  Deutsche objected to this entire interrogatory on the grounds Deutsche already produced its list of witnesses to the Debtors in connection with the hearing originally scheduled for May 2, 2012.[80]  The Court's review of the record in this case confirms Deutsche's position.  On April 17, 2012, prior to the Debtors propounding written discovery, Deutsche filed its List of Witnesses and Exhibits for the evidentiary hearing with the Court.[81]  On June 26, 2012, Deutsche filed a new List of Witnesses and Exhibits for the evidentiary hearing, per the Court's previous orders.[82]  The Court finds this interrogatory seeks information already provided to the Debtors and the repetitive requests for a copy of Deutsche's witness list comprise an annoyance requiring a protective order.

Based on the foregoing and pursuant to FED. R. CIV. P. 26(c)(1), the Court determines good cause exists for a protective order, and the Court will strike this interrogatory in its entirety, and Deutsche is not required to respond to Interrogatory No. 12.

        m.      <u>Interrogatory No. 13</u>[83]

Interrogatory No. 13 states in its entirety:

---

[79] Request for Interrogatories, Docket No. 168, at p. 4 of 7; Docket No. 179, at p. 15, 21.

[80] Docket No. 179, at p. 21.

[81] Docket No. 166.

[82] Docket No. 193.

[83] Request for Interrogatories, Docket No. 168, at p. 4 of 7; Docket No. 179, at p. 16, 21-24.

Please state each and every reason why your debt collector attorneys, at Aronowitz and Mecklenburg, LLP, including Susan Hendrick should not be disqualifed [sic] from participating in the proceeding schedule [sic] for May 2, 2012, and respect [sic] to this inquiry please state what legal authority gives debt collectors any authoriity [sic] to appear and prosecution actions in a court of competent jurisdiction in the express violation of 15 U.S.C. 169(i) §811 (b) which prohibits such acts.

The Court agrees with Deutsche and finds Interrogatory No. 13 is a compound question consisting of three separate questions. Moreover, the information sought in Interrogatory No. 13 is virtually identical to the information sought in Interrogatory No. 7 and Interrogatory No. 17. The Court finds this interrogatory is duplicative and, for the same reasons the Court set forth above for Interrogatory No. 7, the Court finds Interrogatory No. 13 is abusive and not relevant to the pending issues regarding the Motion for Relief from Automatic Stay. Accordingly, under FED. R. CIV. P. 26(c)(1)(D), the Court shall forbid any inquiry on this issue through discovery.

Based on the foregoing and pursuant to FED. R. CIV. P. 26(c)(1), the Court determines good cause exists for a protective order, and the Court will strike this interrogatory in its entirety, and Deutsche is not required to respond to Interrogatory No. 13.

n.   Interrogatory No. 14[84]

Interrogatory No. 14 states in its entirety:

Please identify the true, bonafide holder in due course of the promissory note related to the subject property located at 19733 E. UNION DR CENTENNIAL, CO. 80015 and identified as: "Fox Hill Subdivision 4th Filing, Lot 7 Block 4, and with respect to this inquiry, please state whether or not Deutsche Bank National Trust Company claims to be true Holder in due course of such note.

The Court finds Interrogatory No. 14 is a compound question consisting of two separate questions. No objections were raised with respect to the information sought in this interrogatory. The Court finds the Debtors are entitled to seek the identity of the true holder in due course of the promissory note, and whether Deutsche claims to be the same. Accordingly, the Court will require Deutsche to respond to both questions as drafted in Interrogatory No. 14, to the extent Deutsche has any knowledge of the information requested.

---

[84] Request for Interrogatories, Docket No. 168, at p. 4 of 7; Docket No. 179, at p. 16.

o.      Interrogatory No. 15[85]

Interrogatory No. 15 states in its entirety:

Please indicate whether or not you or your attorneys have filed a valid and good faith bankruptcy Proof of Claim in the bankruptcy case at bar for the subject property located at 19733 E. UNION DR. CENTENNIAL, CO. 80015 and identified as: "Fox Hill Subdivision 4th Filing, Lot 7 Block 4. [sic]

The Court finds Interrogatory No. 15 is a single question.  Deutsche objected to this entire interrogatory on the grounds Deutsche filed its proof of claim in the Debtors' bankruptcy case, and the information sought is not relevant to the evidentiary hearing.  The Court's review of the record in this case confirms Deutsche's position.  On July 29, 2010, prior to the Debtors' propounding written discovery, OneWest Bank, F.S.B. filed Proof of Claim No. 3 with the Court, and the Debtors filed their Objection to that claim on August 23, 2010.[86]  On September 9, 2010, Deutsche filed its response to the Debtors' objection to the claim asserting Deutsche is the holder of the claim.[87]  The matter was scheduled for a hearing.  However, the Court entered an order on November 18, 2010 vacating the hearing pending and stating "[u]pon the filing of a responsive pleading in the adversary proceeding between these same two parties, the Court will set a scheduling conference."[88]  The Adversary Proceeding is currently being held in abeyance, and thus, the Debtors' pending objection to the claim is also in abeyance.

The Court finds this interrogatory seeks information already provided to the Debtors by virtue of the claim filed in the Debtors' case, and in any event, seeks information not relevant to the pending issues regarding the Motion for Relief from Automatic Stay.   Accordingly, under FED. R. CIV. P. 26(c)(1)(D), the Court shall forbid any inquiry on this issue through discovery.

Based on the foregoing and pursuant to FED. R. CIV. P. 26(c)(1), the Court determines good cause exists for a protective order, and the Court will strike this interrogatory in its entirety, and Deutsche is not required to respond to Interrogatory No. 15.

---

[85] Request for Interrogatories, Docket No. 168, at p. 5 of 7; Docket No. 179, at p. 24.

[86] Docket No. 30.

[87] Docket No. 37.

[88] Docket No. 96.

     p.   Interrogatory No. 16[89]

Interrogatory No. 16 states in its entirety:

Please indicate the reason the Payment History you plan to submit at the hearing to be held on May 2, 2012 is a valid debt owed to Deutsche Bank National Trust Company.

The Court finds Interrogatory No. 16 is a single question. No objections were raised with respect to the information sought in this interrogatory. The Court finds the Debtors are entitled to seek information regarding the Debtors payment history with Deutsche.  Accordingly, the Court will require Deutsche to respond to Interrogatory No. 16 as drafted, to the extent Deutsche has any knowledge of the information requested.

     q.   Interrogatory No. 17[90]

Interrogatory No. 17 states in its entirety:

Please state each and every reason why your debt collector attorneys, at Aronowitz and Mecklenburg, LLP, including Susan Hendrick who are defendants in a related Adversary Proceeding and expected to testify should not be disqualified [sic] from participating in the proceeding schedule for May 2, 2012, and respect [sic] to this inquiry please state what legal authority gives debt collectors any authoriity [sic] to appear and prosecution actions in a court of competent jurisdiction in the express violation of governing law, and 15 U.S.C.169(i) $811(b) [sic] which prohibits such acts.

The Court finds Interrogatory No. 17 is a compound question consisting of two separate questions.  The information sought in Interrogatory No. 17 is virtually identical to the information sought in Interrogatory No. 7 and Interrogatory No. 13.  The Court finds this interrogatory is duplicative and, for the same reasons the Court set forth above for Interrogatory Nos. 7, the Court finds Interrogatory No. 17 is abusive and not relevant to the pending issues regarding the Motion for Relief from Automatic Stay. Accordingly, under FED. R. CIV. P. 26(c)(1)(D), the Court shall forbid any inquiry on this issue through discovery.

Based on the foregoing and pursuant  to FED. R. CIV. P. 26(c)(1), the Court determines good cause exists for a protective order, and the Court will strike this

---

[89] Request for Interrogatories, Docket No. 168, at p. 5 of 7; Docket No. 179.

[90] Request for Interrogatories, Docket No. 168, at p. 5 of 7; *see* Docket No. 179, at p. 16-24.

interrogatory in its entirety, and Deutsche is not required to respond to Interrogatory No. 17.

r.    Interrogatory No. 18[91]

Interrogatory No. 18 states in its entirety:

Please indicate the exact amount of monies owed by debtors Mark Stanley Miller and Jamileh Miller to Deutshe [sic] Bank National Trust Company as of April 20, 2012, and with respect to this inquiry please indicate whether or not any valid and good faith proof of claim has been filed in this bankruptcy case.

The Court finds Interrogatory No. 18 is a compound question consisting of two separate questions. Moreover, the information sought in Interrogatory No. 18 is virtually identical to the information sought in Interrogatory No. 15. The Court finds this interrogatory is duplicative, and for the same reasons the Court set forth above for Interrogatory No. 15, the Court finds Interrogatory No. 18 seeks information already produced to the Debtors and information not relevant to the pending issues regarding the Motion for Relief from Automatic Stay. Accordingly, under FED. R. CIV. P. 26(c)(1)(D), the Court shall forbid any inquiry on this issue through discovery.

Based on the foregoing and pursuant to FED. R. CIV. P. 26(c)(1), the Court determines good cause exists for a protective order, and the Court will strike this interrogatory in its entirety, and Deutsche is not required to respond to Interrogatory No. 18.

s.    Interrogatory No. 19[92]

Interrogatory No. 19 states in its entirety:

Please indicate each and every exhibit or document and the nature of any exhibit or document necessary for rebuttal or impeachment purposes you plan to submit for the May 2, 2012 hearing.

The Court finds Interrogatory No. 19 is a single question. Deutsche objected to Interrogatory No. 19 stating Deutsche cannot produce exhibits and documents necessary for rebuttal and impeachment because Deutsche does not yet have such documents, and Deutsche does not know what issues will be raised at the evidentiary hearing which would require rebuttal or impeachment evidence. The Court agrees with

---

[91] Request for Interrogatories, Docket No. 168, at p. 5 of 7; Docket No. 179, at p. 24.

[92] Request for Interrogatories, Docket No. 168, at p. 5 of 7; Docket No. 179, at p. 25.

Deutsche because, by their very nature, documents for rebuttal and impeachment cannot be identified prior to trial.

Based on the foregoing and pursuant to FED. R. CIV. P. 26(c)(1), the Court determines good cause exists for a protective order, and the Court will strike this interrogatory in its entirety, and Deutsche is not required to respond to Interrogatory No. 19.

t.    Interrogatory No. 20[93]

Interrogatory No. 20 states in its entirety:

Please indicate the reason( s) why no exhibit or any documents were received by you or your attorneys relative to any third parties in these proceedings.

The Court finds Interrogatory No. 20 is a single question.  Deutsche objected to Interrogatory No. 20, alleging it seeks information "relative to any third parties" which is outside of Deutsche's personal knowledge.  The Court finds this interrogatory is speculative and asks Deutsche about the intent and/or conduct of third parties.  The Court also finds this interrogatory is not relevant to the pending issues regarding the Motion for Relief from Automatic Stay.  Accordingly, under FED. R. CIV. P. 26(c)(1), the Court finds this entire interrogatory is irrelevant and improper, and outside the scope of authorized discovery pursuant to FED. R. CIV. P. 26(b)(1).

Based on the foregoing and pursuant to FED. R. CIV. P. 26(c)(1), the Court determines good cause exists for a protective order, and the Court will strike this interrogatory in its entirety, and Deutsche is not required to respond to Interrogatory No. 20.

u.    Interrogatory No. 21[94]

Interrogatory No. 21 states in its entirety:

Please indicate your legal basis for any prior or future foreclosure actions against the subject property located at 19733 E. UNION DR. CENTENNIAL, CO. 80015 and identified as: "Fox Hill Subdivision 4th Filing, Lot 7 Block 4, [sic]

---

[93] Request for Interrogatories, Docket No. 168, at p. 5 of 7; Docket No. 179, at p. 25.

[94] Request for Interrogatories, Docket No. 168, at p. 5 of 7; Docket No. 179, at p. 25.

The Court finds Interrogatory No. 21 is a compound question consisting of two separate questions. Deutsche objected to Interrogatory No. 21 as seeking information not relevant to the pending issues regarding the Motion for Relief from Automatic Stay. The Court sustains the objection, and finds the legal basis for the state court foreclosure actions, whether past or future, has no bearing on whether Deutsche is entitled to relief from the automatic stay to pursue its rights under state law. Accordingly, under FED. R. CIV. P. 26(c)(1), the Court finds this entire interrogatory is irrelevant and improper, and outside the scope of authorized discovery pursuant to FED. R. CIV. P. 26(b)(1).

Based on the foregoing and pursuant to FED. R. CIV. P. 26(c)(1), the Court determines good cause exists for a protective order, and the Court will strike this interrogatory in its entirety, and Deutsche is not required to respond to Interrogatory No. 21.

> v.    Sanctions are Inappropriate

Based on the objections and responses from Deutsche as set forth in the Motion for Protective Order, the Court finds Deutsche carefully discussed in detail its objections to specific interrogatories propounded by the Debtors. The Court further finds the analysis therein reflects counsel for Deutsche paused and considered the factual basis for the objections based upon reasonable inquiry. Accordingly, after reviewing the Motion for Protective Order, the Court finds Deutsche satisfied the requirements under FED. R. CIV. P. 26(g)(1)(B), and determines sanctions are inappropriate under this rule.

> *2.    Response to Motion for Protective Order*

The Debtors' Response to Motion for Protective Order employs a "shotgun" approach to the specific objections to interrogatories raised by Deutsche. Specifically, the Debtors object to the Motion for Protective Order for the following reasons: 1) the information sought is not privileged; 2) Deutsche failed to provide any facts in support of its motion; 3) Deutsche has not shown it is a party in interest entitled to relief from stay; 4) Debtors have never received a true and correct copy of the purported promissory note; 5) Deutsche has knowledge of the information sought and must produce the same; and 6) Debtors are entitled to the same discovery in the adversary proceeding.[95] The Response to Motion for Protective Order was signed by both Debtors.

Under FED. R. CIV. P. 26(g)(1)(B), the Debtors walked a fine line in their Response to the Motion for Protective Order. In particular, the Debtors first raise an objection stating the Motion for Protective Order does not contain a proposed order, and

---

[95] The Debtors also incorporate their Motion to Compel (discussed and addressed herein), and their Motion to Strike the Motion for Protective Order which was previously denied by the Court on June 27, 2012 (Docket No. 197).

Deutsche failed to confer under D.C.COLO.LCₗᵥR 7.1.[96]  On the contrary, the Court finds Deutsche did attach a proposed order to their Motion for Protective Order. Further, Rule 7.1 cited by the Debtors applies to civil actions filed in the United States District Court for the District of Colorado, and the rule is entirely inapplicable to the Debtors' Chapter 13 bankruptcy case pending before this Court.  As such, the Debtors' first objection is entirely without merit.

Second, the Debtors objected to the Motion for Protective Order "on the basis the facts stated in the motion are totally erroneous, and conflict with the previous 10th Circuit decision regarding the issue of standing, the issue of Res Judicata, and Collateral estoppel which was clearly addressed by the 10th Circuit remand order.  The arguments are foreclosed and objected to."[97]  This objection is not only pled without any specificity as to what facts are allegedly erroneous, but reflects the Debtors' misunderstanding of the Tenth Circuit opinion remanding the matters to be heard at an evidentiary hearing.  Again, the Tenth Circuit did not decide the standing issue, but remanded the matter to be determined by this Court after an evidentiary hearing. Accordingly, the Debtors' second objection is without merit, patently overbroad and vague.

Third, the Debtors allege, without specificity, Deutsche is improperly using the discovery process to limit discovery of information surrounding the note at issue, and that Deutsche is improperly claiming a defense of collateral estoppel or *res judicata* in its Motion for Protective Order with respect to the relief from stay issues.[98]  The Debtors fail to offer any detail as to where in the Motion for Protective Order Deutsche has acted improperly in seeking a protective order or asserted a defense of *res judicata* or collateral estoppel with respect to the issues surrounding the Motion for Relief from Automatic Stay.  The Court notes Deutsche indeed asserts *res judicata* and collateral estoppel with respect to certain interrogatories, but not in the way alleged by the Debtors.  Rather, these defenses were asserted with respect to interrogatories seeking information concerning issues in the pending adversary proceeding and the Debtors' Motion to Disqualify Counsel, which the Court denied.[99]  Accordingly, the Court finds these objections by the Debtors are not pled with sufficient specificity, are overly vague, and, in any event, are without merit.

---

[96] Docket No. 182, at p. 6.

[97] *Id.* at p. 6, 8-9.

[98] *Id.*

[99] *See* Order, Docket No. 175, denying the Debtors' Motion to Disqualify Attorney Susan Hendrick.

Fourth, the Debtors' objection contends Deutsche claimed the information sought in the interrogatories is privileged and irrelevant to the issues before the Court.[100]  The Court finds the opposite.  Nowhere in its Motion for Protective Order does Deutsche assert a privilege with respect to any discovery requests.  Deutsche does raise a relevance argument; however, the relevance argument relates specifically to interrogatories seeking information concerning issues in the pending adversary proceeding and the Debtors' Motion to Disqualify Counsel.  Accordingly, the Court determines this objection also lacks merit.

Fifth, the Debtors contend the Motion for Protective Order is improper because "Debtors have never received certified copies of the actual note in any prior request for production or otherwise."[101]  The Debtors concede they have received copies of the note, and also concede counsel for Deutsche advised the Debtors in writing counsel was in possession of the original note and the note was available for inspection at counsel's office (in compliance with FED. R. CIV. P. 34(a)(1)).  However, the Debtors argue Deutsche is required under the Federal Rules of Evidence and the Federal Rules of Bankruptcy Procedure to produce the original or a certified copy of the note during discovery.  Again, this is an issue for trial, not for discovery.  The Court is unaware of any authority, and the Debtors fail to provide any, requiring a creditor to turn over an original note or a certified copy of a note to the debtors or the Court prior to an evidentiary hearing.  Accordingly, the Court finds this objection is without any merit.

Sixth, the Debtors state the information sought from Deutsche is within the knowledge of Deutsche.[102]  The Debtors do not plead this objection with any specificity regarding interrogatories to which Deutsche is refuses to respond due to lack of knowledge.  Regardless, if Deutsche contends it does not have knowledge and cannot respond, the Debtors will have an opportunity at trial to cross-examine each such statement.  The Court will not compel Deutsche to respond to discovery requests for which it claims to have no knowledge.  In addition, this objection is overly vague.  For these reasons, the Court finds the objection is without merit.

Finally, the Debtors object to the Motion for Protective Order by arguing the Debtors are entitled to the same discovery in the pending adversary proceeding between the parties because many of the issues overlap.[103]  The Debtors offer no support for this position.  Contrary to the Debtors' argument, pursuant to FED. R. CIV. P.

---

[100] Docket No. 182, at p. 7.

[101] *Id.* at 10.

[102] *Id.* at 11.

[103] *Id.* at 14.

26(b)(1) the discovery authorized in the Court's March 27, 2012 Order[104] and April 27, 2012 Order[105] expressly pertains to the relief from stay issues only, and discovery is limited in scope to the same.  The adversary proceeding is currently being held in abeyance, and should discovery become necessary, the Debtors would have an opportunity at that time to request information relating to the adversary proceeding. Accordingly, the Debtors' final objection is also without merit.

Based on the forgoing, the court concludes the Debtors' Response to the Motion for Protective Order is without merit and was filed to harass, cause unnecessary delay, or needlessly increase the cost of litigation.  The Court cautions the Debtors to refrain from filing similar pleadings in the future.  The Court does not condone the Debtors' "kitchen sink" style of pleading without specificity, particularly when the Debtors offer no legal authority in  support of their positions and allegations.  The Court recognizes the Debtors are *pro se*, but this alone does not excuse the Debtors from filing pleadings in compliance with the Federal Rules of Civil Procedure incorporated by the Federal Rules of Bankruptcy Procedure.  Although the Court finds grounds exist to impose sanctions on the Debtors for violating FED. R. CIV. P. 26(g)(1)(B), the Court feels required to give the parties an opportunity to be heard prior to imposing sanctions, and therefore, the Court reserves ruling on the issue of sanctions with respect to the Response to Motion for Protective Order until the evidentiary hearing on the Motion for Relief from Automatic Stay.

## D.    Debtors' Motion to Compel and Deutsche's Response to Motion to Compel

The Debtors' Motion to Compel seeks entry of an order compelling Deutsche to respond to their interrogatories and requests for production of documents, and awarding the Debtors their expenses incurred in connection with filing the Motion to Compel.[106] The Motion to Compel was signed by both Debtors, and fails to certify the Debtors conferred or even attempted to confer with counsel for Deutsche in an attempt to resolve these issues without Court intervention.  The Court will not assume the parties conferred or attempted to confer.  The failure to confer as required under FED. R. CIV. P. 37(a)(1) and FED. R. BANKR. P. 7037 would provide independent grounds to deny the Motion to Compel.  However, the Court finds the "meet and confer" requirement would be of little utility here given the history and relationship between the parties.  Thus, the Court will address the merits of the Motion to Compel.

---

[104] Docket No. 164.

[105] Docket No. 173.

[106] The Court notes the Motion to Compel fails to provide any explanation or calculation with respect to any alleged expenses incurred by the *pro se* Debtors in connection with filing the Motion to Compel.

FED. R. CIV. P. 37 permits a party to compel discovery when "a party fails to answer an interrogatory submitted under Rule 33; or . . . a party fails to respond that inspection will be permitted."[107]  As stated earlier, "Rules 33 and 34 require a party to answer to the extent a discovery request is not objectionable."[108]  The gist of Deutsche's Response to Motion to Compel is the Debtors' discovery requests are objectionable because the information sought is outside the scope of authorized discovery and not relevant to the issues at the scheduled hearing on the pending Motion for Relief from Automatic Stay.[109]  The Response to Motion to Compel was signed by counsel for Deutsche.  It is uncontested Deutsche responded to the Debtors' written discovery.  At issue is whether Deutsche's objections, in conjunction with its responses, constitute a failure to respond under the applicable rule.

The Debtors cite only to FED. R. CIV. P. 37 and FED. R. BANKR. P. 7037 in their Motion to Compel, and offer no other legal authority in support of the relief requested.  As grounds for the Motion to Compel, the Debtors make blanket assertions the interrogatories and requests for production of documents are calculated to lead to the discovery of admissible evidence which is relevant to the issues.[110]  The Debtors also make the conclusory statement they are prejudiced by the alleged failure to produce documents and responses to interrogatories.[111]  The Debtors do not provide any explanation as to how they have been prejudiced, and fail to indicate with any specificity which responses to interrogatories and which responses to requests for production of documents are at issue.  Rather, the Debtors seek an order requiring Deutsche to respond to all propounded discovery.

As postured by the Debtors, the Court finds two immediate issues with the Motion to Compel.  First, the Debtors concede in the Motion to Compel they received responses from Deutsche.[112]  Although it is undisputed Deutsche responded to the written discovery propounded by the Debtors, the Debtors argue Deutsche submitted responses "essentially objecting to answering interrogatories, and failing to produce documents, claiming that debtors are not entitled to said interrogatories and request for production of documents."[113]

---

[107] FED. R. CIV. P. 37(a)(3)(B).

[108] *Cartel Asset Mgmt. v. Ocwen Fin. Corp.*, 2010 WL 502721, at *10 (D. Colo. Feb. 8, 2010) (unpublished) (citing *Doe v. National Hemophilia Foundation*, 194 F.R.D. 516, 520 (D. Md. 2000)).

[109] Docket No. 189, at p.7-18.

[110] *See* Docket No. 183.

[111] *Id.*

[112] *Id.* at p.3, ¶3.

[113] *Id.*

With respect to the Interrogatories, the filing of the Motion for Protective Order stayed the deadline to file a response to the Debtors' Interrogatories pending order of this Court.[114]  The objections raised to the Interrogatories are addressed above in the context of the Motion for Protective Order.

With respect to the Debtors' request for production of documents, the Court finds Deutsche has asserted specific objections to each of the Debtors' requests for production of documents.[115]  Upon review of the objections contained in the Response to Request for Production of Documents,[116] the Court finds Deutsche's objections are appropriate and hereby sustains each objection to the Debtors' requests for production of documents.[117]  In addition, the Court finds Deutsche provided answers and responsive documents where appropriate, and did not fail to answer or otherwise respond to the requests for production of documents.[118]  Therefore, the Court concludes the Debtors' Motion to Compel should be denied because Deutsche adequately responded to the Debtors' requests for production of documents and Deutsche's Motion for Protective Order stayed the deadline to respond to the Interrogatories.

Second, L.B.R. 7026-1, which supplements FED. R. CIV. P. 7026 through 7037, requires motions to compel directed to interrogatories or requests for documents "**must** set forth the interrogatory, request and response constituting the subject matter of the motion."[119]  The Motion to Compel argues in generality, and fails to set forth any interrogatory or request for production of documents subject to the Motion to Compel. Rather, the Debtors plead "[i]n general respondent has objected and refuses to deliver discovery."[120]  The Court determines the Motion to Compel lacks any specificity, and therefore, the Debtors failed to comply with this rule.  Accordingly, the Court must deny the Motion to Compel on this basis also.

At best, the Debtors' Motion to Compel reflects a fundamental misunderstanding as to the scope and purpose of the discovery authorized by this Court in connection with the pending Motion for Relief from Automatic Stay.  At worst, the Debtors' Motion to

---

[114] L.B.R. 7026-1(d).

[115] *See* Docket No. 202.

[116] *See id.*

[117] *See id.*

[118] The Court notes this ruling does not preclude the Debtors from cross-examination at trial regarding the substance of Deutsche's responses, to the extent the questions are not objectionable at that time.

[119] L.B.R. 7026-1 (emphasis added).

[120] Docket No. 183, at p. 1, ¶3.

Compel unjustifiably blurs the line between relief from stay issues under § 362 and the issues pending in the Adversary Proceeding.  For the purposes of FED. R. CIV. P. 26(g) and 37(a)(5)(B), the Court is required to give the parties an opportunity to be heard prior to imposing sanctions, and therefore, the Court reserves ruling on the issue of sanctions with respect to the Motion to Compel until trial on the Motion for Relief from Automatic Stay.  In the future, any attempt to combine the pending Adversary Proceeding issues with the relief from stay issues – whether through pleadings, arguments at hearing or otherwise – shall be interpreted as abusive conduct subject to appropriate sanctions.

**CONCLUSION**

 Accordingly, based on the foregoing,

IT IS HEREBY ORDERED the Motion to Compel (Docket No. 183) filed by the Debtors on June 4, 2012 is DENIED.

IT IS FURTHER ORDERED the Motion for Protective Order (Docket No. 179) filed by Deutsche on May 21, 2012 is GRANTED IN PART and DENIED IN PART. Based on the findings herein, the Court will not permit the Debtors to conduct discovery as requested in Interrogatories numbered 6, 7, 8, 11, 12, 13, 15, and 17 through 21. However, the Court will permit the Debtors, with appropriate limitations, to conduct discovery with respect to its Interrogatories as follows:

- Deutsche shall respond to both questions as drafted in Interrogatory No. 1, to the extent Deutsche has any knowledge of the information requested;

- Deutsche to respond only to the first and second questions as drafted in Interrogatory No. 2, to the extent Deutsche has any knowledge of the information requested;

- Deutsche shall respond to only the first question as drafted in Interrogatory No. 3, to the extent Deutsche has any knowledge of the information requested;

- Deutsche shall respond to both questions as drafted in Interrogatory No. 4, to the extent Deutsche has any knowledge of the information requested;

- Deutsche shall respond only to the second question as drafted in Interrogatory No. 5, to the extent Deutsche has any knowledge of the information requested;

- Deutsche shall respond to the remainder of Interrogatory No. 9 as limited by the Court, to the extent Deutsche has any knowledge of the information requested;

- Deutsche shall respond to Interrogatory No. 10 as drafted, to the extent Deutsche has any knowledge of the information requested;

- Deutsche shall respond to Interrogatory No. 14 as drafted, to the extent Deutsche has any knowledge of the information requested; and

- Deutsche shall respond to Interrogatory No. 16 as drafted, to the extent Deutsche has any knowledge of the information requested;

Nothing in this Order is intended to preclude Deutsche from properly objecting and responding, consistent with the requirements of FED. R. CIV. P. 26(g), to the Debtors' Interrogatories as modified by this Order.

IT IS FURTHER ORDERED Deutsche shall submit to the Debtors its responses to the Debtors' Interrogatories as set forth herein within fourteen (14) days from the date of this Order.  With this limited exception, the period to conduct all discovery in connection with the hearing on the Motion for Relief from Automatic Stay is now closed.

Dated: July 18, 2012.                    BY THE COURT:


                                         _____
                                         Michael E. Romero
                                         U.S. Bankruptcy Judge