# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE:<br><br>MARK STANLEY MILLER and JAMILEH MILLER<br><br>      Debtors. | Case No. 10-25453-MER<br>Chapter 13 |
| MARK STANLEY MILLER and JAMILEH MILLER<br><br>      Plaintiff,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, ARAPAHOE COUNTY PUBLIC TRUSTEE OFFICE, ARONOWITZ & MECKLENBERG, SUSAN HENRICK, STACEY ARONOWITZ, MORTGAGE ELECTRONIC REGISTRATION SYSTEM, ONE WEST BANK, FSB, JUSTIN ROCK; and BARBARA CAMPBELL,<br><br>      Defendants. | Adv. Proc. No. 14-01369-MER |

## BANK DEFENDANTS' MOTION FOR EXTENSION OF DEADLINE TO ANSWER OR OTHERWISE RESPOND TO PLAINTIFFS' ORIGINAL COMPLAINT

Defendants Deutsche Bank National Trust Company, as Trustee of the Indymac INDX Mortgage Loan Trust 2006-AR-13, Mortgage Pass-Through Certificates, Series 2006-AR13 Under the Pooling and Servicing Agreement Dated May 1, 2006 (the "Trustee") and pursuant to their limited entry of appearance, Mortgage Electronic Registration System, OneWest Bank, F.S.B., Justin Rock, and Barbara Campbell (collectively, the "Bank Defendants"), by and through their undersigned counsel, hereby submit this Motion for Extension of Deadline to Answer or Otherwise Respond to the Original Complaint of Debtors-Plaintiffs, Mark S. Miller and Jamileh Miller (together, the "Debtors"), and in support thereof, state as follows:

1.    The Debtors commenced the above-captioned chapter 13 case on June 22, 2010 (the "Bankruptcy Case").

4851-1531-8818.1

2. On July 16, 2014, the Debtors filed an Original Complaint [Adv. Docket No. 1] (the "Complaint"), commencing the above-captioned adversary proceeding against the Bank Defendants and others (the "Adversary Case").

3. Despite having filed the Complaint in this Court, on August 6, 2014, the Debtors filed a "Motion for Mandatory Withdrawal of Reference Pursuant to 28 U.S.C. § 157(d), & Withdrawal and Abstention from Hearing a Proceeding' under Bankruptcy Rule 5011 or Alternatively, a Permissive Withdrawal of the Bankruptcy Case Pursuant to Section 157(b)(5)" [Adv. Docket No. 12] (the "Motion to Withdraw Reference").

4. The Complaint asserts many of the same allegations asserted in related actions and proceedings, including an earlier adversary proceeding commenced in this Court on October 18, 2010, Case No. 10-01757-MER; a state court action in the District Court for Arapahoe County, Colorado, Case No. 2011CV000736; Debtors' opposition to the Trustee's Motion for Relief from Automatic Stay, filed on October 7, 2010 in the Bankruptcy Case [Docket No. 64] (the "Stay Relief Motion"); and an appeal (the "Appeal") of the Court's December 4, 2012 Order and Judgment [Docket Nos. 230 and 231, respectively] granting the Stay Relief Motion (together, the "2012 Stay Relief Order"). Specifically, the Debtors again allege that the note and deed of trust presented to the Court in connection with the Stay Relief Motion were somehow "false" or "fraudulent," notwithstanding the Court's review of those documents and ruling that they were authentic in connection with the Stay Relief Motion.

5. Given the overlap of the issues raised in the Complaint and the issues raised on Appeal, an affirmation of the 2012 Stay Relief Order on Appeal bars much, if not all, of the Complaint under preclusion doctrines and renders it subject to dismissal (among other reasons). As such, the outcome of the Appeal impacts how the Bank Defendants respond to the Complaint. Accordingly, the Court entered an order on September 12, 2014 [Adv. Docket No. 44] staying this Adversary Case until the date that the 2012 Stay Relief Order becomes a final, non-appealable order (the "Stay Order"). The Stay Order also provided that the Bank Defendants' Deadline to answer or otherwise respond to the Complaint would be the date that is fourteen days after the date the 2012 Stay Relief Order becomes a final, non-appealable order.

6. On August 29, 2014, the United States Court of Appeals for the Tenth Circuit entered an Order and Judgment effectively affirming the 2012 Stay Relief Order. [Docket No. 259] (the "Tenth Circuit Order").

7. On December 15, 2014, the Debtors filed a Petition for Writ of Certiorari, seeking to appeal the Tenth Circuit Order to the United States Supreme Court (the "Cert Petition").

8. On February 23, 2015, the United States Supreme Court entered an order denying the Cert Petition. A copy of the order denying the Cert Petition is attached hereto as Exhibit A.

9. The stay of the Adversary Case thus lapsed on February 23, 2015 pursuant to the Stay Order, and the Bank Defendants' deadline to answer or otherwise respond to the Complaint is March 9, 2015.

4851-1531-8818.1

10. The Motion to Withdraw Reference is pending in the United States District Court for the District of Colorado, Case No. 14-cv-02707-MSK, and that Court has not yet ruled on the motion. The Adversary Case accordingly remains with this Court.

11. The Bank Defendants respectfully request that the Court grant them a brief two-week extension of time to answer or otherwise respond to the Complaint. Since the United States Supreme Court entered its order denying the Cert Petition, the Bank Defendants and their counsel have diligently worked to prepare their response to the Complaint. However, the travel and work schedules of the representatives of the Bank Defendants through next week have rendered them unable to review and approve the response before the March 9 deadline. As the 31-page complaint raises numerous issues and the Bank Defendants must review and approve the response before it is filed, the Bank Defendants respectfully request that the Court grant them a brief extension of time, to and including March 23, 2015, to answer or otherwise respond to the Complaint. Good cause exists to grant this extension as it is necessary to enable the Bank Defendants to review, vet, and approve the response fully before it is filed. This brief extension is not sought for dilatory purposes and will not prejudice the Debtors, particularly as the District Court has not yet ruled on the Motion to Withdraw Reference.

12. The undersigned attempted to confer with the Debtors by email and telephone regarding this motion, but as of the filing of this motion, the Debtors have not yet responded indicating whether they would oppose the relief requested in this motion.

WHEREFORE, Defendants Deutsche Bank National Trust Company, as Trustee of the Indymac INDX Mortgage Loan Trust 2006-AR-13, Mortgage Pass-Through Certificates, Series 2006-AR13 Under the Pooling and Servicing Agreement Dated May 1, 2006, Mortgage Electronic Registration System, OneWest Bank, F.S.B., Justin Rock, and Barbara Campbell respectfully request that the grant them an extension of time, through and including March 23, 2015 to answer or otherwise respond to the Complaint.

4851-1531-8818.1

Respectfully submitted this 4th day of March, 2015.

        KUTAK ROCK LLP

        By:  *s/ Adam L. Hirsch*
            Adam L. Hirsch #44306
        1801 California Street, Suite 3000
        Denver, CO 80202
        Telephone: 303-297-2400
        Facsimile: 303-292-7799
        Email: *adam.hirsch@kutakrock.*com

        ATTORNEYS FOR DEFENDANTS DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF THE INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR-13, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-AR13 UNDER THE POOLING AND SERVICING AGREEMENT DATED MAY 1, 2006, MORTGAGE ELECTRONIC REGISTRATION SYSTEM, ONEWEST BANK, F.S.B., JUSTIN ROCK, AND BARBARA CAMPBELL

4851-1531-8818.1

## CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and served by prepaid first class mail a copy of the foregoing as follows:

| | |
|---|---|
| Mark S. Miller<br>Jamileh Miller<br>19733 E. Union Dr.<br>Centennial, CO  80015<br><br>*Pro Se Plaintiffs* | Deutsche Bank National Trust Company, as Trustee of the Indymac INDX Mortgage Loan Trust 2006-AR-13, Mortgage Pass-Through Certificates, Series 2006-AR13 Under the Pooling and Servicing Agreement Dated May 1, 2006, Mortgage Electronic Registration System, OneWest Bank, F.S.B., Justin Rock, and Barbara Campbell<br>c/o Joshua Mino, Esq. |

*s/ Melissa J. Weisser*
Melissa J. Weisser